NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH CLIG, | No. 17-35395 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00514-JE |
| v. | |
| D. WETTLANFER; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Joseph Clig, an Oregon state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Clig failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in treating Clig's clubfoot condition or staph infection. *See id.* at 1057-60 (deliberate indifference is a high legal standard; medical malpractice, negligence, or a difference in medical opinion concerning the course of treatment does not amount to deliberate indifference).

The district court did not abuse its discretion in denying Clig's motion to appoint counsel because Clig failed to show exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirements for appointment of counsel).

The district court did not abuse its discretion in denying Clig's motion to compel discovery because Clig failed to set forth particular facts that he expected to uncover through discovery.  *See Hatch v. Reliance Ins.*, 758 F.2d 409, 416 (9th Cir. 1985) (setting forth standard of review).

The district court did not abuse its discretion in denying Clig's motion seeking relief under Federal Rule of Civil Procedure 56(d) because Clig failed to demonstrate that the discovery he requested would preclude summary judgment.  *See Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011)

17-35395

(setting forth standard of review and explaining that a plaintiff must show that the discovery sought would have precluded summary judgment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**